UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

Civil Action No.: 3:16-cv-715

MICHAEL LEE HALL,

    Plaintiff,

v.

BANK OF AMERICA CORPORATION,

    Defendant.

# MEMORANDUM IN SUPPORT
# OF DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant Bank of America Corporation ("Bank of America" or "Defendant"),[1] by counsel, hereby moves to dismiss Plaintiff's Complaint and states as follows in support thereof:

## I. Statement of the Case and Summary of Argument

Plaintiff is a current employee of Defendant Bank of America. Proceeding *pro se*, he initiated this action on October 17, 2016, by filing a Complaint against Defendant asserting claims: (1) for failure to promote under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* (Count 1); (2) for alleged violations of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §§ 201 *et seq.* (Count 2); (3) for allegedly harassing him and sabotaging his career in violation of the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. §§ 5567 *et*

---

[1] At all times relevant to Plaintiff's allegations, Plaintiff was employed by Bank of America, N.A, not Bank of America Corporation. Accordingly, Bank of America Corporation has been improperly named and is not a proper defendant in this action.

1

*seq.* (Count 3); (4) for failure to promote under the North Carolina Equal Employment Practices Act ("NCEEPA"), N.C. Gen. Stat. §§ 143-422.2 *et seq.* (Count 4); and (5) for retaliation under the North Carolina Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. §§ 95-240 *et seq.* (Count 5).

Plaintiff, however, cannot state a claim on which relief may be granted. He failed to properly exhaust his administrative remedies pursuant to Title VII, the CFPA, and REDA, and otherwise has failed to state plausible claims for relief under the NCEEPA, the EPA and the CFPA. Therefore, Plaintiff's Complaint should be dismissed, with prejudice, in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Argument

### A. Standard of Review

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed when the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The standards governing motions to dismiss under Fed. R. Civ. P. 12(b)(6) were discussed at length by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 1974 (2007), and reaffirmed by the Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). Under *Twombly*, a plaintiff's complaint must provide "more than labels and conclusions," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-1965; "a formulaic recitation of the elements of the cause of action will not do." *Id.,* 127 S. Ct. at 1965. A plaintiff's "plain statement" in his complaint must "possess enough heft to show entitlement to relief," including factual allegations sufficient to support and justify the requested relief. *Id.* at 557, 127 S. Ct. at 1966.

Pursuant to *Twombly* and *Iqbal*, the complaint must include a plausible legal basis for relief, and "where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citations omitted). If a plaintiff's complaint does not meet these standards, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558, 127 S. Ct. at 1966.

In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). But, this principle applies only to factual allegations, and the Court need not accept as true legal conclusions or unwarranted factual inferences. *See Iqbal*, 556 U.S. at 678-79, 129 S. Ct. at 1950. Ultimately, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," stating a claim that is "plausible on its face," rather than merely "conceivable." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. *Pro se* plaintiffs, like Plaintiff here, are not excused from the requirement of pleading plausible claims for relief. *See Starleper v. Mercantile Mortg., LLC*, 2016 U.S. App. LEXIS 17662, *2 (4th Cir. Sept. 29, 2016).

**B.     Plaintiff Failed to Properly Exhaust His Title VII Failure to Promote Claim, and that Claim is Now Time Barred.**

An employee seeking redress for discrimination under Title VII cannot file suit until he has timely exhausted his administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. §§ 2000e-5(e)(1) & 2000e-5(f)(1); *Jones v. Calvert Grp., Ltd.,* 551 F.3d 297, 300 (4th Cir. 2009). Here, Plaintiff failed to satisfy this requirement with

3

respect to his Title VII discrimination claim and his claim in Count 1, therefore, is procedurally improper and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

In North Carolina, in order to exhaust Title VII administrative remedies in a timely manner, a Charge of Discrimination must be filed with the EEOC within 180 days of the alleged discriminatory act. *See Spivey v. Research Triangle Reg'l Pub. Transp. Auth.*, 2015 U.S. Dist. LEXIS 123668 *20-21 (E.D.N.C. September 16, 2015). Thus, only those claims arising within 180 days prior to the filing of the Charge of Discrimination with the EEOC are actionable and a failure to file a Charge of Discrimination related to Title VII claims within the required 180-day period procedurally bars those claims. *See Reid v. Charlotte Mecklenburg Schs.*, 2015 U.S. Dist. LEXIS 109613 *5-6 (W.D.N.C. August 19, 2015)(granting motion to dismiss where plaintiff filed charge of discrimination 268 days after the discriminatory act occurred). Here, Plaintiff failed to satisfy this requirement.

Plaintiff contends in Count 1 of his Complaint that Bank of America violated Title VII by failing to promote him in the third quarter of 2013, in August of 2014, and again in November of 2015. *See* Complaint, ¶¶ 31, 35, & 41-43 (Dkt. Entry1). But, he admits that he did not file his Charge of Discrimination with the EEOC until August 19, 2016. *See* Complaint, ¶ 61 (Dkt. Entry 1). Thus, any claim arising before February 21, 2016 – that is, 180 days prior to August 19, 2016 – is time-barred. *See Reid*, 2015 U.S. Dist. LEXIS at *5-6. Accordingly, Plaintiff's claims for failure to promote based on events in 2013, 2014 and 2015, well before February 21, 2016, are procedurally barred and must be dismissed based on Plaintiff's failure to properly exhaust his administrative remedies. *See Davis v. Weiser Sec. Servs.*, 2016 U.S. Dist. LEXIS 26005, *8 (W.D.N.C. Feb. 3, 2016)(recommending that the defendant's motion to dismiss the

4

*pro se* plaintiff's complaint be granted where the plaintiff failed to file an EEOC Charge within the requisite 180 days of the alleged discriminatory act)(J. Cayer).[2]

**C.      Plaintiff Fails to State a Plausible Claim Under the Equal Pay Act ("EPA").**

To state a *prima facie* case of pay discrimination under the EPA, Plaintiff must establish that: (1) Defendant paid higher wages to female employees; (2) that those comparators hold jobs of equal skill, effort, and responsibility; and (3) that those comparators perform those jobs under similar working conditions. *See Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 613 (4th Cir. 1999)(*citing Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)). While Plaintiff here alleges that Bank of America violated the EPA, *see* Complaint, ¶¶ 1 & 70-73 (Dkt Entry 1), he does not allege any of the requisite elements of the claim.

Plaintiff alleges that his salary and bonus has not "materially changed" since he began reporting to Jaime Ramos and that unidentified female employees have been "advanced." *See* Complaint, ¶¶ 70-73 (Dkt. Entry 1). But, he does not allege that the Bank has paid any female employee more than it has paid him, much less any comparator female employee who is in the same job with the same required skill set and responsibility. Indeed, his own allegations negate any claim under the EPA because he asserts that, in 2014 and 2015, he was the "highest paid employee on his team." *See* Complaint, ¶ 71 (Dkt. Entry1). Absent any allegation that Bank of America paid him less than comparator females, he fails to state a viable claim for sex-based pay discrimination under the EPA. Consequently, Count 2 of Plaintiff's Complaint should be dismissed. *See Vega v. Wake Cnty. Gov't*, 2015 U.S. Dist. LEXIS 39452, *19-20 (E.D.N.C. 2015)(granting motion to dismiss an EPA claim where the plaintiff failed to mention even a

---

[2] Adopted by, Modified by, Dismissed without prejudice by, *Davis v. Weiser Sec. Servs.,* 2016 U.S. Dist. LEXIS 26006 (W.D.N.C. Mar. 1, 2016)(J. Cogburn)

5

single female co-employee who earned a higher salary than him while employed by the defendant).

**D.    Plaintiff Cannot State a Claim Under the Consumer Financial Protection Act ("CFPA") Because He Failed to Exhaust his Administrative Remedies and Cannot Otherwise State a Retaliation Claim.**

   **1.    Plaintiff Failed to Exhaust His Administrative Remedies.**

Prior to filing a civil action for retaliation under the CFPA, an employee must first file a complaint with the Secretary of Labor within 180 days of the alleged retaliatory act. *See Berman v. Neo@Ogilvy LLC*, 72 F. Supp. 3d 404, 410 (S.D.N.Y. 2014), *rev'd on other grounds and remanded*, 801 F.3d 145 (2nd Cir. 20150)(concluding that, under 12 U.S.C. § 5567(c), "an employee must first file a complaint with the Secretary of Labor and exhaust an administrative process before bringing a private action in district court"). Here, Plaintiff failed to file a complaint with the Secretary of Labor prior to initiating this action, and any attempt now to file a complaint would be barred by the 180-day time period for doing so. *See Zillges v. Kenney Bank & Trust*, 2014 U.S. Dist. LEXIS 151991, *5 (E.D. Wis. Oct. 20, 2014). The last alleged retaliatory act of which Plaintiff complains occurred on March 11, 2016, *see* Complaint, ¶ 76 (Dkt. Entry 1), which would have required him to file a complaint with the Secretary of Labor no later than September 18, 2016. Accordingly, Plaintiff failed to exhaust his administrative remedies and Count 3 and his CFPA claim must be dismissed. *See Zillges*, 2014 U.S. Dist. LEXIS 151991, at *5 (dismissing a CFPA claim where the plaintiff failed to exhaust his administrative remedies and stating that "it is clear that such a defense bars plaintiff's claim under the Consumer Financial Protection Act, as plaintiff concedes that he did not file a complaint with the Secretary within 180 days").

### 2. Plaintiff Otherwise Fails to Plead a Viable CFPA Claim.

The CFPA prevents an employer from *terminating* or discriminating against a covered employee because the employee has objected to or reported what he reasonably believes to be a violation of any law, rule, order, standard or prohibition subject to the jurisdiction or enforcement by the Consumer Financial Protection Bureau. *See* 12 U.S.C. § 5567(a); 29 C.F.R. § 1985.102. Outside of a termination of employment, which has not occurred here, actions taken against an employee which have been deemed sufficient to state a CFPA claim have been generally limited to those of blacklisting or formal disciplinary measures. 29 C.F.R. § 1985.102. Furthermore, courts applying similar anti-retaliation provisions in the Dodd-Frank Act and in the Sarbanes-Oxley Act have required the claimant to suffer an adverse action having material effects on the workplace; courts have routinely rejected claims based on general feelings of displeasure or hostility amongst coworkers or managers and subordinates. *See, e.g., Bozeman v. Per-Se Techs., Inc.*, 456 F. Supp. 2d 1282, 1360 (N.D. Ga. 2006)(rejecting a claim under analogous Sarbanes-Oxley anti-retaliation provision based on the plaintiff's "subjective feelings of hostility" from co-workers expressed during a meeting, as such feelings did not constitute "an adverse employment action"); *Ott v. Fred Alger Mgmt., Inc.*, 2012 U.S. Dist. LEXIS 143339, *16-17 (S.D.N.Y. 2012)(interpreting analogous Dodd-Frank Act anti-retaliation provision to prohibit taking "a materially adverse change" against an employee which includes "a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [and] significantly diminished material responsibilities")(internal citations omitted); *Fraser v. Fiduciary Trust Co. Int'l*, 2009 U.S. Dist. LEXIS 75565, *18-20 (S.D.N.Y. Aug. 25, 2009), *aff'd*, 396 Fed. Appx. 734 (2nd Cir. 2010)(granting the defendant's motion to dismiss analogous Sarbanes Oxley anti-retaliation claims and noting that the defendant

moving the plaintiff's desk was "a mere inconvenience," relieving the plaintiff of the duty to update client newsletter was "an alteration of job responsibilities, but [did] not represent a significant diminution of those responsibilities," and no longer inviting the plaintiff to meetings he previously attended previously "could hardly be considered an adverse employment action").

Plaintiff asserts in Count 3 of his Complaint that Defendant violated the CFPA by retaliating against him for expressing concerns about his supervisor's "use of development data in elasticity models." *See* Complaint, ¶ 74 (Dkt. Entry 1). He makes the conclusory allegation that he has been "harassed" by "needless criticism" and that he has been subject to "disciplinary process" by his manager Jaime Ramos. *See* Complaint, ¶¶ 44 & 75-76 (Dkt. Entry 1). But, he does not allege that he has suffered any material change in his work status, such as being terminated, having his pay reduced or being demoted. Indeed, Plaintiff asserts that he is the highest paid employee on his team and that Mr. Ramos rated him a "well-performing employee" in his most recent performance review issued in January 2016. *See* Complaint, ¶ 47 (Dkt. Entry 1). Furthermore, Plaintiff does not allege that he has received any type of disciplinary warning, including any written warning, despite his conclusory allegation that he has been subject to "disciplinary process." As a result, Plaintiff's allegations fall woefully short of establishing that he has been subjected to the type of discrimination or adverse actions necessary to state a CFPA claim. *See Bozeman*, 456 F. Supp. 2d at 1360; *Ott*, 2012 U.S. Dist. LEXIS 143339, at *17; *Fraser* 2009 U.S. Dist. LEXIS 75565, at *18-20.

As the Supreme Court stated in *Twombly*, Plaintiff must provide "more than labels and conclusions," and must "raise a right to relief above the speculative level" in order to survive a motion to dismiss. *See Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. Here, Plaintiff fails this test because his Complaint contains precisely the type of allegations the Supreme Court found

8

wanting – conclusory and speculative assertions that do not state a cognizable claim. Plaintiff only states in a conclusory fashion that he has somehow been subject to "harassment" and "disciplinary process," but provides no specific details to substantiate how Defendant allegedly has harassed or disciplined him. Without more, these are the very types of allegations which the Fourth Circuit has found insufficient to state a plausible claim for relief. *See, e.g., Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190–91 (4th Cir. 2010), *aff'd sub nom. Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327 (2012)(dismissing Title VII claims where "although, [the plaintiff's] complaint conclusorily allege[d] that [the plaintiff] was terminated based on his race, it does not assert facts establishing the plausibility of that allegation"). Thus, Plaintiff's CFPA claim and Count 3 of his Complaint should be dismissed for failure to state a claim upon which relief can be granted. *See Ennis v. Mission Med. Associates*, 2016 U.S. Dist. LEXIS 52280, *14 (W.D.N.C. Mar. 28, 2016)(dismissing *pro se* plaintiff's Title VII discrimination complaint after finding that "[t]he allegations in the Complaint that Defendant terminated Plaintiff because she filed the Charge of Discrimination is simply to conclusory and speculative to support a plausible claim of retaliation under Title VII").[3]

**E.     Plaintiff Cannot State a Claim for Failure to Promote Under the North Carolina Equal Employment Practices Act ("NCEEPA").**

Plaintiff contends in Count 4 of his Complaint that Bank of America violated the NCEEPA by denying him a promotion. *See* Complaint, ¶¶ 77-79 (Dkt. Entry 1). But, courts in North Carolina, including this Court, have determined that there is no private right of action under the NCEEPA for a failure to promote and routinely dismiss such claims under the NCEEPA. *See, e.g., Straszheim v. Gerdau Ameristeel U.S., Inc.*, 2010 U.S. Dist. LEXIS 20175,

---

[3] Adopted by, Modified by, Dismissed without prejudice by, *Ennis v. Mission Med. Associates,* 2016 U.S. Dist. LEXIS 52281 (W.D.N.C. April 19, 2016)(J. Cogburn).

9

*9-10 (W.D.N.C. 2010)(J. Conrad). Plaintiff, therefore, fails to state a viable claim in Count 4 of his Complaint and this claim also should be dismissed with prejudice. *See also Judon v. City of Charlotte*, 2016 U.S. Dist. LEXIS 99654, *6-7 (W.D.N.C. July 7, 2016)(granting motion to dismiss claim under NCEEPA for failure to promote alleged by a current employee)(J. Cayer).[4]

**F.     Plaintiff Failed to Exhaust His Administrative Remedies and Therefore Cannot State a Claim Under the North Carolina Retaliatory Employment Discrimination Act ("REDA").**

In order to pursue a retaliation claim under REDA, an employee must follow certain procedural steps, which includes filing a written complaint with the North Carolina Commissioner of Labor alleging a statutory violation. *See* N.C. Gen. Stat. §§ 95-242; *see also Johnson v. North Carolina*, 905 F. Supp. 2d 712, 727-28 (W.D.N.C. 2012). Here, Plaintiff does not allege in his Complaint that he filed a claim with the North Carolina Commissioner of Labor asserting a violation of REDA against Defendant. As a result, Plaintiff failed to exhaust his administrative remedies with respect to any REDA claim against Defendant and Count 5 of his Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). *See, e.g., Satterwhite v. Wal-Mart Stores East, L.P.*, 2012 U.S. Dist. LEXIS 9584, *7-8 (E.D.N.C. 2012) (dismissing REDA claim where the plaintiff failed to exhaust the available administrative remedies); *see also Johnson*, 905 F. Supp. 2d at 728.

---

[4] Adopted by, Dismissed by, *Judon v. City of Charlotte*, 2016 U.S. Dist. LEXIS 99653 (W.D.N.C. July 29, 2016)(J. Conrad).

### III. Conclusion

Based on the foregoing, Defendant Bank of America, by counsel, requests the Court to enter an Order dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice, awarding it reasonable attorneys' fees and costs; and awarding such other relief as this Court deems just and proper.

This the 7th day of November 2016.

Respectfully submitted,

/s/ Bruce M. Steen
Bruce M. Steen (NC Bar No. 30222)
bsteen@mcguirewoods.com
Meredith A. Pinson (NC Bar No. 39990)
mpinson@mcguirewoods.com
MCGUIREWOODS LLP
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
704.353.6244
704.353.6200 (Facsimile)

*Counsel for Defendant Bank of America Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and that a copy has been served this day by first-class mail, postage prepaid, upon Plaintiff at the address listed below:

>Michael Lee Hall
>7033 Sedgebrook Drive West
>Stanley, North Carolina 28154

This the 7th day of November 2016.

>/s/ Bruce M. Steen
>Attorney