# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-715-RJC-DSC

| | |
|---|---|
| MICHAEL LEE HALL, | ) |
| Plaintiff, | ) |
| v. | ) |
| BANK OF AMERICA CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss" (document #4) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted</u>, as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the factual allegations of the Complaint as true, Plaintiff is employed by Defendant as an analyst but is presently out on long term disability. Plaintiff alleges that Defendant failed to promote him in the third quarter of 2013, in August of 2014, and in November of 2015. Plaintiff also alleges that his salary and bonus have not "materially changed" since he

began reporting to Jaime Ramos, while unidentified female employees have been "advanced." However, he also alleges that he was the highest paid employee on his team during 2014 and 2015.

Plaintiff alleges that Ramos "retaliated" against him when he expressed concern about the "use of development data in elasticity models" by subjecting him to "needless criticism" and "disciplinary process." He also states that Ramos rated him a "well-performing employee" in his January 2016 performance review.

On August 16, 2016, Plaintiff filed an administrative Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff claims that he suffers with depression which prevented him from filing the charge earlier. The EEOC subsequently issued a Notice of Right to Sue.

On October 17, 2016, Plaintiff filed his pro se Complaint asserting claims against Defendant for (1) failure to promote based on gender under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.; (2) violations of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §§ 201 et seq.; (3) harassing him and sabotaging his career in violation of the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. §§ 5567 et seq.; (4) failure to promote under the North Carolina Equal Employment Practices Act ("NCEEPA"), N.C. Gen. Stat. §§ 143-422.2 et seq.; and (5) retaliation under the North Carolina Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. §§ 95-240 et seq..

On November 7, 2016, Defendant filed its Motion to Dismiss. Defendant argues that Plaintiff failed to exhaust his administrative remedies pursuant to Title VII, the CFPA, and REDA, and has otherwise failed to state plausible claims for relief under the NCEEPA, the EPA and the CFPA.

Defendant's Motion to Dismiss has been fully briefed and is ripe for determination.

## II. DISCUSSION

**A. Standard of Review**

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of a case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Plaintiff's failure to exhaust administrative remedies under federal anti-discrimination laws is properly the subject of a motion to dismiss under Rule 12(b)(1). See Satterwhite v. Wal-Mart Stores E., L.P., No. 5:11- CV-363-BO, 2012 WL 255347, at *3 (E.D.N.C. Jan. 26, 2012); Brodrick v. Napolitano, No. 3:09-CV-450-FDW-DSC, 2010 WL 3397461, at *4 (W.D.N.C. Aug. 25, 2010).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

"Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002); see also 42 U.S.C. § 2000e-5(f)(1). The general purpose behind this requirement is to afford the employer sufficient notice of the alleged violations and avoid

unnecessary litigation. Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005). When a plaintiff fails to exhaust his administrative remedies in a Title VII action, the federal court is deprived of subject matter jurisdiction. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior

era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Title VII Claim

Plaintiff contends that Defendant violated Title VII by failing to promote him in the third quarter of 2013, in August 2014, and in November 2015. He did not file his Charge of Discrimination with the EEOC until August 19, 2016. Any claim arising before February 21, 2016 – 180 days prior to August 19, 2016 – is time-barred. See Davis v. Weiser Sec. Servs., 2016 U.S. Dist. LEXIS 26005, *8 (W.D.N.C. Feb. 3, 2016)(recommending that defendant's motion to dismiss pro se plaintiff's complaint be granted where plaintiff failed to file EEOC Charge within the requisite 180 days of alleged discriminatory act)(J. Cayer). See also Williams v. Giant Foods, Inc, 370 F.3d 423, 429 (4th Cir. 2004) (failure to promote is a discrete act and not one to which the continuous violation doctrine applies to save otherwise untimely claims); Reid v. Charlotte, Mecklenburg Schs., 2015 U.S. Dist. LEXIS 109613 *5-6 (W.D.N.C. 2015) (granting motion to dismiss where plaintiff filed charge of discrimination 268 days after the discriminatory act

occurred as only claims arising within 180 days prior to the filing of a Charge of Discrimination with the EEOC are actionable).

Accordingly, Plaintiff's claim for failure to promote based upon events in 2013, 2014 and 2015 are time-barred and must be dismissed.

### C. Equal Pay Act Claim

To state a prima facie case of pay discrimination under the EPA, Plaintiff must show that (1) Defendant paid higher wages to female employees; (2) that those comparators hold jobs of equal skill, effort, and responsibility; and (3) that those comparators perform those jobs under similar working conditions. Brinkley v. Harbour Recreation Club, 180 F.3d 598, 613 (4th Cir. 1999) (citing Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974)). Plaintiff fails to allege any of the requisite elements of the claim.

Plaintiff alleges that his salary and bonus have not "materially changed" since he began reporting to Jaime Ramos while unidentified female employees have been "advanced." He does not allege that Defendant paid any female employee more than it has paid him, much less any female comparator who is in the same job with the same required skill set and responsibility. His allegations actually negate any claim under the EPA because he asserts that he was the "highest paid employee on his team" in 2014 and 2015. Absent any allegation that Bank of America paid him less than female comparators, he fails to state a viable claim for sex-based pay discrimination under the EPA. Plaintiff's EPA claim should be dismissed. See Vega v. Wake Cnty. Gov't, 2015 U.S. Dist. LEXIS 39452, *19-20 (E.D.N.C. 2015) (granting motion to dismiss an EPA claim where plaintiff failed to allege female comparator earned higher salary).

- 6 -

D. **NCEEPA Claim**

Plaintiff alleges gender discrimination in the promotional process in violation of N.C.G.S. §143-422.2, commonly known as the North Carolina Equal Employment Practices Act (NCEEPA). The Act provides in pertinent part:

> It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.

N.C.G.S. §143-422.2.

The Fourth Circuit Court of Appeals has held that there is no private right of action under NCEEPA other than common law wrongful discharge claims "or in connection with other specific statutory remedies." Smith v. First Union Nat. Bank, 202 F.3d 234, 247 (4th Cir. 2000). See also Judon v. City of Charlotte, 2016 U.S. Dist. LEXIS 99654, *6-7 (W.D.N.C. July 7, 2016) (recommending dismissal of NCEEPA claim for failure to promote by a current employee)(J. Cayer); Johnson v. N. Carolina, 905 F. Supp. 2d 712, 724 (W.D.N.C. 2012) ("While the NCEEPA clearly pronounces the State's public policy, the Act itself amounts to little more than a declarative policy statement that affords plaintiffs no statutory remedies or private causes of action for its violation.")

Plaintiff remains employed by Defendant. The undersigned respectfully recommends that Defendant's Motion to Dismiss be granted as to Plaintiff's NCEEPA claim as well.

E. **Consumer Financial Protection Act Claim**

Prior to filing a civil action for retaliation under CFPA, an employee must file a complaint with the Secretary of Labor within 180 days of the alleged retaliatory act. Berman v. Neo@Ogilvy LLC, 72 F. Supp. 3d 404, 410 (S.D.N.Y. 2014), rev'd on other grounds and remanded, 801 F.3d

145 (2nd Cir. 20150)(concluding that, under 12 U.S.C. § 5567(c), "an employee must first file a complaint with the Secretary of Labor and exhaust an administrative process before bringing a private action in district court"). Plaintiff failed to file a complaint with the Secretary of Labor prior to initiating this action. Any attempt to do so now would be barred by the applicable 180-day time limit. Zillges v. Kenney Bank & Trust, 2014 U.S. Dist. LEXIS 151991, *5 (E.D. Wis. Oct. 20, 2014). The last alleged retaliatory act of which Plaintiff complains occurred on March 11, 2016. He was required to file a complaint with the Secretary of Labor no later than September 18, 2016. Accordingly, Plaintiff failed to exhaust his administrative remedies and his CFPA claim should be dismissed. See Zillges, 2014 U.S. Dist. LEXIS 151991, at *5 (dismissing CFPA claim where plaintiff failed to exhaust administrative remedies, stating that "it is clear that such a defense bars plaintiff's claim under the Consumer Financial Protection Act, as plaintiff concedes that he did not file a complaint with the Secretary within 180 days").

### F. Retaliatory Employment Discrimination Act Claim

In order to pursue a retaliation claim under REDA, an employee must file a written complaint with the North Carolina Commissioner of Labor alleging a statutory violation. See N.C. Gen. Stat. §§ 95-242; see also Johnson v. North Carolina, 905 F. Supp. 2d 712, 727-28 (W.D.N.C. 2012). Plaintiff does not allege that he filed a complaint with the North Carolina Commissioner of Labor alleging a violation of REDA. As a result, Plaintiff has failed to exhaust his administrative remedies with respect to any REDA claim against Defendant. See, e.g., Satterwhite v. Wal-Mart Stores East, L.P., 2012 U.S. Dist. LEXIS 9584, *7-8 (E.D.N.C. 2012) (dismissing REDA claim where plaintiff failed to exhaust available administrative remedies). For that reason, the undersigned respectfully recommends dismissal of Plaintiff's REDA claim.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Defendant's Motion to Dismiss" (document #4) be **GRANTED** and the Complaint be **DISMISSED WITH PREJUDICE**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to <u>pro se</u> Plaintiff, to defense counsel, <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED AND RECOMMENDED.**

Signed: January 12, 2017

David S. Cayer
United States Magistrate Judge