# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-00715-RJC-DSC

| | |
|---|---|
| MICHAEL LEE HALL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BANK OF AMERICA CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | **ORDER** |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss and memorandum in support, (Doc. Nos. 4, 5); Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, (Doc. No. 7); Defendant's Reply in Support of Its Motion to Dismiss, (Doc. No. 9); Magistrate Judge David S. Cayer's Memorandum and Recommendation and Order ("MR&O") recommending that this Court grant Defendant's Motion to Dismiss, (Doc. No. 10); Plaintiff's Objection to the MR&O, (Doc. No. 11); Plaintiff's Memorandum on Judicial Misconduct, (Doc. No. 12); Defendant's Response to Plaintiff's Objection to the MR&O, (Doc. No. 13); and Plaintiff's Amended Objection, to the MR&O, (Doc. No. 14).

## I. BACKGROUND

Michael Lee Hall ("Plaintiff"), a 55-year old male, has been employed by Bank of America, N.A. in varying capacities since December 30, 2004. (Doc. No. 1 at ¶¶ 6, 21, 25–26) (hereinafter "Compl."). He alleges that he was discriminated against from "Q3-2013 to March 22, 2016" due to his sex. (Id. at ¶¶ 7, 11). Specifically, he asserts that Bank of America Corporation ("Defendant") failed to promote Plaintiff, denied Plaintiff equal pay and work, and retaliated

against Plaintiff when Plaintiff raised violations of federal guidelines for predictive modeling. (Id. at ¶ 10).

Plaintiff claims he attempted to file charges with the Equal Employment Opportunity Commission ("EEOC") on April 11, 2016, "but the disability inflicted by Defense hindered completion of this filing" until August 19, 2016. (Id. at ¶ 8). Upon filing his complaint with the EEOC, Plaintiff received a Notice of Right to Sue. (Id. at ¶ 9). Plaintiff states that he is currently out on long-term disability for recurrent major depression. (Id. at ¶ 12).

Prior to long-term disability, Plaintiff applied for and began short-term disability on March 23, 2016, because he was "suffering from a 'nervous breakdown'" due to his supervisor's discrimination. (Id. at ¶¶ 52–53). Plaintiff alleges that his Bank of America supervisor, Jaime Ramos ("Ramos"), failed to promote him in the third quarter of 2013, in August 2014, and in November 2015. (Id. at ¶¶ 31–43). Meanwhile, "Ramos hires and promotes female employees exclusively while ruthlessly attacking any perceived male rivals." (Id. at ¶ 30).

On October 17, 2016, Plaintiff filed his pro se Complaint asserting claims against Defendant for (1) failure to promote based on gender under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.; (2) violations of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §§ 201 et seq.; (3) harassing him and sabotaging his career in violation of the Consumer Financial Protection Act ("CFPA"), 12 U.S.C. §§ 5567 et seq.; (4) failure to promote under the North Carolina Equal Employment Practices Act ("NCEEPA"), N.C. Gen. Stat. §§ 143-422.2 et seq.; and (5) retaliation under the North Carolina Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. §§ 95-240 et seq..

On November 7, 2016, Defendant filed its Motion to Dismiss, (Doc. No. 6), in which it argued that Plaintiff failed to exhaust his administrative remedies pursuant to Title VII, the Consumer Financial Protection Act ("CFPA"), and Retaliatory Employment Discrimination Act Claim

("REDA"), and otherwise failed to state plausible claims for relief under the NCEEPA, the EPA, and CFPA. On November 11, 2016, Plaintiff filed an opposition to Defendant's Motion to Dismiss, (Doc. No. 7), to which Defendant filed a reply, (Doc. No. 9), on November 21, 2016. On January 12, 2017, the Magistrate Judge issued an MR&O recommending that the Defendant's Motion to Dismiss be granted and staying the case pending resolution of Defendant's Motion to Dismiss. (Doc. No. 10). On January 18, 2017, Plaintiff filed an Objection to the MR&O, (Doc. No. 11), as well as a Memorandum on Judicial Misconduct, (Doc. No. 12). On February 1, 2017, Defendant filed a Reply to Plaintiff's Objection to the MR&O. (Doc. No. 13). And finally, on February 15, 2017, Plaintiff filed an Amended Objection to his original Objection to the MR&O. (Doc. No. 14). Defendant's Motion to Dismiss is ripe for adjudication.

## II.    STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) and (B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to a specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and, accordingly, this Court has conducted a careful review of the Magistrate Judge's M&R and all related documents.

The standard of review for a motion to dismiss tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A motion to dismiss under Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir.1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) (internal citations omitted). "No party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted).

A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility means allegations that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. "Threadbare recitals for the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary, but rather, the

statement need only "'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 545 (quoting Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 775 (1984)). Additionally, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (quoting Twombly, 550 U.S. at 555–56). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed. Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Academy Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers). Nonetheless, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). As a result, even a pro se plaintiff's claim for relief "requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Like plaintiffs who are represented by counsel, a pro se plaintiff must still "allege facts sufficient to state all the elements of [a] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). In light of this authority, conclusory statements with insufficient factual allegations, even when asserted by pro se plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6).

## III. DISCUSSION

A. Title VII Claim

The Magistrate Judge held that Plaintiff's Title VII claim for failure to promote based upon events in 2013, 2014, and 2015 is time-barred and should be dismissed. (Doc. No. 10 at 6). Specifically, the Magistrate Judge found that the claim is time-barred because Plaintiff did not timely file a charge of discrimination with the EEOC and therefore failed to exhaust his administrative remedies. (Id. at 5). Plaintiff contends that his failure to promote claim extends to March 23, 2016—which is within the 180-day window for permissible claims—because despite discovering he was passed up for promotion in November 2015, the position may have remained open until March 2016. (Doc. No. 7 at 4).

"Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002); see also 42 U.S.C. § 2000e-5(f)(1). The time limit for filing a claim with the EEOC is 180 days from the last discriminatory act. Spivey v. Research Triangle Reg'l Pub. Transp. Auth., 2015 WL 5455919, at *8 (E.D.N.C. Sept. 16, 2015). When a plaintiff fails to exhaust his administrative remedies in a Title VII action, the federal court is deprived of subject matter jurisdiction. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

Plaintiff's argument fails because "failure to promote" is a discrete act and not one to which the continuous violation doctrine applies to save otherwise untimely claims. See Mezu v. Morgan State Univ., 367 Fed. App'x 385, 388 (4th Cir. 2010); Williams v. Giant Foods, Inc., 370 F.3d 423, 429 (4th Cir. 2004). Plaintiff acknowledges that on November 2, 2015 he knew he had been "passed over for the promotion," discussed that decision with a manager, and the supervisor "explain[ed] the reason for the denied promotion." (Compl. at ¶ 43). Plaintiff now asserts in his

objection that he was asked for his resume during the November 2, 2015 meeting and therefore it was implied that he would still be considered for the position. (Doc. No. 11 at 5). This assertion contradicts Plaintiff's complaint and does not overcome the pleading deficiencies. Because failure to promote is a discrete act, the fact that the position remained open up until Plaintiff began long-term disability leave on March 23, 2016 is irrelevant in terms of the timeliness of filing an EEOC charge since Plaintiff, based on the factual allegations of his complaint, knew that he would not receive the promotion at least as early as November 2, 2015.[1] Thus, Plaintiff's Title VII failure to promote claim cannot survive Defendant's Motion to Dismiss because Plaintiff failed to exhaust his administrative remedies thereby depriving this Court of subject matter jurisdiction.

B. Equal Pay Act Claim

The Magistrate Judge recommended that the Court dismiss Plaintiff's Equal Pay Act ("EPA") claim because Plaintiff failed to allege any of the requisite elements necessary to establish a prima facie case of pay discrimination under the Equal Pay Act ("EPA"). (Doc. No. 10 at 5). To make such a claim, Plaintiff must show that (1) Defendant paid higher wages to female employees; (2) that those female comparators hold jobs of equal skill, effort, and responsibility; and (3) that those female comparators perform those jobs under similar working conditions. Brinkley v. Harbour Recreation Club, 180 F.3d 598, 613 (4th Cir. 1999) (citing Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974)).

Plaintiff rebuts that the Magistrate Judge erred because Plaintiff did in fact identify specific females that have been advanced while he has not. But, Plaintiff undermined his EPA claim by

---

[1] Plaintiff also asserts that because the EEOC issued a Notice of Right to Sue Plaintiff's EEOC claims were clearly timely. (Doc. No. 11 at 5). The mere fact the EEOC issued a Notice of Right to Sue is not a recognition that the claims were timely. Further, nothing in the EEOC Notice of Right to Sue indicates that the claims were viewed as timely. (Doc. No. 13-1).

negating the first required element when he recorded that he was the "highest paid employee on his team" in 2014 and 2015. (Doc. No. 1 at 12). Above all, though, as the Magistrate Judge recognizes, Plaintiff fails to make a viable EPA claim for sex-based pay discrimination because he does not establish that Defendant paid him less than a female employee in a comparable position. (Doc. No. 10 at 6). As a result, the undersigned adopts as its own the Magistrate Judge's decision to grant the Defendant's Motion to Dismiss Plaintiff's EPA Claim.

    C.  North Carolina Equal Employment Practices Act Claim

The Magistrate Judge recommended Defendant's Motion to Dismiss be granted for Plaintiff's North Carolina Equal Employment Practices Act Claim ("NCEEPA"). (Doc. No. 10 at 7). The Fourth Circuit has held there is no private right of action under NCEEPA other than common law wrongful discharge claims "or in connection with other specific statutory remedies." Smith v. First Union Nat. Bank, 202 F.3d 234, 247 (4th Cir. 2000). See also Judon v. City of Charlotte, 2016 WL 4119951, at *3 (W.D.N.C. July 7, 2016) (recommending dismissal NCEEPA claim for failure to promote by a current employee); Johnson v. North Carolina, 905 F. Supp. 2d 712, 724 (W.D.N.C. 2012) ("While the NCEEPA clearly pronounces the State's public policy, the Act itself amounts to little more than a declarative policy statement that affords plaintiffs no statutory remedies or private causes of action for its violation."). As Plaintiff points out, the applicability to this case relies on whether a wrongful discharge claim exists. (Doc. No. 11 at 10).

Plaintiff presents various facts in his Objection to the MR&O and asserts that the listed counts show "a wrongful termination intent," (Doc. No. 11 at 10); but, contrary to these assertions, the Complaint contains allegations regarding only Ramos' alleged failure to promote Plaintiff. (Compl. at ¶¶ 77–79). As the Magistrate Judge properly noted, precedent has held that the NCEEPA fosters no right of action for failure to promote. See Straszheim v. Gerdau Ameristeel

U.S., Inc., 2010 WL 883665, at *3 (W.D.N.C. Mar. 5, 2010). Moreover, Plaintiff chose of his own accord, in light of how he felt, to take a leave of absence. (Compl. at ¶¶ 53, 60). As evidenced by the nature of his voluntary election, Defendant did not discharge Plaintiff, and consequently, a wrongful discharge claim does not exist to validate Plaintiff's NCEEPA Claim.

Nevertheless, even if Defendant had terminated Plaintiff, in order to establish a wrongful discharge claim, or rather, constructive discharge, Plaintiff would have to demonstrate that Defendant forced him to quit by deliberately making his working conditions objectively intolerable. See, e.g., Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir. 1985) (stating that a plaintiff's constructive discharge claim failed because the plaintiff demonstrated nothing more than routine job dissatisfaction); see also McNeil v. Loyola Univ., 2014 WL 320494, at *8 (D. Md. Jan. 27, 2014) (granting motion to dismiss a pro se plaintiff's constructive discharge claim where the plaintiff alleged only that his supervisory authority was removed and undermined in cases, he had to perform duties which should have been performed by others, he was unfairly disciplined and criticized, he was once slapped on the back by a supervisor, and his supervisor froze his salary). Thus, the undersigned affirms the Magistrate Judge's decision to grant Defendant's Motion to Dismiss Plaintiff's NCEEPA claim.

D. Consumer Financial Protection Act Claim

The Magistrate Judge concluded that Plaintiff failed to exhaust his administrative remedies and, consequently, his Consumer Financial Protection Act Claim ("CFPA") should be dismissed. (Doc. No. 10 at 8). This determination is based on the fact that Plaintiff was required to file a complaint with the North Carolina Secretary of Labor within 180 days of the alleged act, and any attempt to do so now would be barred by the applicable time limit. See N.C. Gen. Stat. §§ 95-242; Zillges v. Kenney Bank & Trust, 2014 WL 5334655, at *2 (E.D. Wis. Oct. 20, 2014) (dismissing

CFPA claim where the plaintiff failed to exhaust his administrative remedies and stating that "it is clear that such a defense bars plaintiff's claim under the Consumer Protection Act, as plaintiff concedes that he did not file a complaint with the Secretary within 180 days"); see also Johnson v. North Carolina, 905 F. Supp. 2d 712, 727–29 (W.D.N.C. 2012). Plaintiff does not assert that he filed a complaint with the North Carolina Secretary of Labor regarding a violation of REDA, and Plaintiff concedes in his Objection that his CFPA claim appears to warrant dismissal by the Court. (Doc. No. 11 at 11). Nonetheless, Plaintiff asserts that his mental competency should shield him from this fate. Id.

Defendant points out that Plaintiff offers no authority for his position because purported health complications are insufficient to excuse Plaintiff's failure to exhaust administrative remedies. See, e.g., Dahlman v. AARP, 791 F. Supp. 2d 68, 75–79 (D.C. Cir. 2011) (rejecting the plaintiff's argument that her failure to exhaust administrative remedies under the Americans with Disabilities Act should be excused because she suffered from a mental disability). While the Court recognizes Plaintiff's efforts in seeking administrative relief, as well as the personal struggle he faced in his condition, ultimately Plaintiff failed to exhaust the available administrative remedies, and, as a result, the undersigned affirms the Magistrate Judge's decision to grant Defendant's Motion to Dismiss the Plaintiff's CFPA Claim.

E. Retaliatory Employment Discrimination Act Claim

The Magistrate Judge recommended that Plaintiff's Retaliatory Employment Discrimination Act Claim ("REDA") be dismissed because Plaintiff failed to exhaust his administrative remedies by not filing a written complaint with the North Carolina Secretary of Labor alleging a statutory violation, (Doc. No. 10 at 8). See N.C. Gen. Stat. §§ 95-242; see also

Satterwhite v. Wal-Mart Stores East, L.P., 2012 WL 255347, at *3 (E.D.N.C. Jan. 26, 2012) (dismissing REDA claim where plaintiff failed to exhaust available administrative remedies).

As with his CFPA Claim, Plaintiff concedes in his Objection that his REDA claim appears to warrant dismissal by the Court; yet, Plaintiff proffers that his mental competency warrants otherwise. (Doc. No. 11 at 11). Again, as with the CFPA Claim, the Court recognizes Plaintiff's efforts in seeking administrative relief. Nonetheless, because Plaintiff failed to exhaust the available administrative remedies the undersigned affirms the Magistrate Judge's decision to grant Defendant's Motion to Dismiss Plaintiff's REDA Claim.

F. Judicial Misconduct Allegations

Finally, in a separate filing, Plaintiff complains about the Magistrate Judge's apparent use of language from Defendant's memoranda regarding its Motion to Dismiss. (Doc. No. 12). Plaintiff claims that some of this language contained falsehoods and that there is additionally evidence that the Magistrate Judge only skimmed Plaintiff's pleadings. (Id. at 1). Plaintiff then requests that the Court investigate the incident. (Id. at 7).

The Court finds nothing inappropriate in the Magistrate Judge's utilization of language directly from parties' briefs if that language is an accurate recitation or analysis of the law. Indeed, the Magistrate Judge could have merely said, "for reasons stated in Defendant's brief…," as courts often do. Indeed, judges must often act expeditiously in the interests of judicial efficiency. Regardless, this Court has fully reviewed the record before it, including but not limited to the Complaint, Defendant's Motion to Dismiss, all the related memoranda filed by both parties, the MR&O, and the memoranda filed in response to the MR&O. The Court fully endorses the Magistrate Judge's analysis and finds no trace of judicial misconduct.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. This Court **ADOPTS** the Magistrate Judge's MR&O, (Doc. No. 10), as its own;

2. Defendant's Motion to Dismiss, (Doc. No. 4) is **GRANTED**;

3. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED**. Specifically, Counts 1 (Title VII), 3 (Consumer Financial Protection Act), and 5 (Retaliatory Employment Discrimination Act) are **DISMISSED without prejudice** due to a lack of subject-matter jurisdiction. Counts 2 (Equal Pay Act) and 4 (North Carolina Equal Employment Practices Act) are **DISMISSED with prejudice** for failure to state a claim; and

4. The Clerk of the Court is directed to close this case.

Signed: September 8, 2017

Robert J. Conrad, Jr.
United States District Judge